IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL RICHARD HURLEY, GX-2685,    )
      Petitioner,                   )
                                      )
          v.                      )  2:12-cv-557
                                        )
WILLIAM SCHOUPPE, et al.,         )
      Respondents.            )

MEMORANDUM and ORDER

Mitchell, M.J.:

Daniel Richard Hurley has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Hurley is presently serving a sixteen to thirty-two year sentence imposed following his conviction, by a jury, of criminal attempt – murder, aggravated assault, aggravated assault with a deadly weapon and former convict not to possess a firearm. This sentence was imposed on December 12, 2006 at No. CC 200516287 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

An appeal was taken to the Superior Court in which an Anders[2] brief was filed raising as the sole issue:

> Should this Honorable Court grant counsel's motion to withdraw and after a full review of the record confirm finding that there are no meritorious grounds for appeal.

> Additionally counsel argued:

> 1. The verdict in this matter was against the weight of evidence.
> 2. The trial court erred when it overruled the defendant's objection relevant to admission of certain evidence.
> 3. The evidence was insufficient to sustain the conviction for prior convict not to carry.[3]

---

[1] See; Petition at ¶¶ 1-6. It should also be noted that the conviction of being a former felon in possession of a firearm was rendered by the court.
[2] Anders v. California, 386 U.S. 738 (1976) permitting counsel to seek leave to withdraw on the basis of his/her belief that an appeal would be frivolous.

On July 16, 2008, the judgment was affirmed and counsel was granted leave to withdraw.

Hurley subsequently filed a post-conviction petition which was denied on December 7, 2009.[4] An appeal was taken to the Superior Court in which the issues presented were:

1. Whether Attorney Coffey was ineffective and his Turner/Finley motion/letter insufficient where he determined defendant's second claim (regarding trial counsel's failure to present evidence) was meritless because "[t]he instant claim alleges insufficient facts to demonstrat[]e ineffectiveness?

2. Whether Attorney Coffey was ineffective for not preserving the claim that trial counsel was ineffective for not adequately discussing the advantages and disadvantages of accepting or rejecting any of the various plea offers made in this case?

3. Whether the Court of Common Pleas erred and/or abused its discretion in failing to conduct the required independent review of the record where said Court overlooked/ignored said defect in Attorney Coffey's Turner/Finley motion/letter?[5]

On December 14, 2010 the denial of post-conviction relief was affirmed.[6] Leave to appeal to the Pennsylvania Supreme Court was denied on May 5, 2011.[7]

On April 12, 2012, Hurley executed the instant petition in which he contends he is entitled to relief on the following grounds:

1. Trial counsel failed to object to prosecutorial misconduct during his closing argument that misled the jury to believe a lie.

2. The trial court erred by not answering the jury's questions during deliberation and trial counsel was ineffective for not objecting to what the judge would tell the jury to their answers.

3. Trial counsel was ineffective for failing to file pretrial motions and suppression motions on the victim and witness's identification testimony due to suggestive viewing and failed to impeach their testimony on inconsistencies and being intoxicated at time of crime.

4. Trial court erred in allowing hearsay testimony that was not harmless error.

---

[3] See: Exhibit 8.
[4] See: Exhibit 24 to the answer.
[5] See: Exhibit 32 to the answer at p.2.
[6] See: Exhibit 34 to the answer.
[7] See: Exhibit 37 to the answer.

5. Trial counsel was ineffective for failing to raise the issue of defendant being denied a preliminary hearing or petitioning for the court to conduct such a hearing.

6. Trial counsel failed to discuss the advantages and disadvantages of taking a plea against going to trial and failed to discuss anything with the defendant.

7. The prosecution erred in denying the defense (445) four hundred and forty five pages of medical records that could have impeached the victim's testimony and trial counsel failed to review the medical records before trial to find impeaching evidence that could have helped prove defendant's innocence and he failed to raise the issue of a Brady violation.

8. The trial court erred in giving an improper jury instruction and trial counsel failed to object to it.

9. Trial counsel prejudiced the defendant during trial in front of the jury.

10. Trail judge erred by not advising defendant of all of his rights at time of sentencing and did not state the reason for the sentence imposed.[8]

The background to this prosecution is set forth in the July 16, 2008 Memorandum of the Superior Court:

> The charges arose out of an incident that occurred on October 6, 2005, at 2:00 a.m. On that date, the victim, Lemond Kirksey ("Kirksey"), was shot several times while walking on Broadway Avenue in McKees Rocks, Pennsylvania. Kirksey told the police that Hurley was the person who had shot him. Kirksey indicated that he did not know Hurley's full name at the time, but knew him by the name "D'Nice." Kirksey indicated that he observed that Hurley, at the time of the shooting, had a tattoo of the name "D'Nice" on his neck. Kirksey stated that he had previously attended a district judge's hearing to testify against Hurley, but was not called to testify. Kirksey identified Hurley at the trial.
>
> Karen Gramz ("Gramz") testified that she observed the shooting of Kirksey. She stated that Hurley was the person who had shot Kirksey, and she identified Hurley at trial.
>
> Officer Matthew Preininger of the  Stowe Township Police testified that Kirksey told him, at the scene of the shooting, that "D'Nice" was the person who had shot him. Preininger stated that he later determined, from police department records, that "D'Nice" was a name used by Hurley.

---

[8] See: Petition at ¶12. The petitioner concedes that issues 8, 9 and 10 were not raised in the courts of the Commonwealth.

Hurley testified that he walked down Broadway Avenue at approximately 1:20 or 1:30 a.m. on the date of the shooting. Hurley indicated that he had arrived at his home at about 1:35 a.m. and that he did not hear or see the shooting. Hurley testified that he did not know Kirksey, and he did not recall Kirksey's presence at the magisterial judge's hearing in February 2005, at which time Hurley entered a guilty plea to a summary charge of harassment. Hurley testified that he was not present when Kirksey was shot, and that he did not shoot Kirksey. Hurley stated at trial that he had tattoos on his neck, which he showed to the jury. Hurley stated that his tattoos did not include the name "D'Nice."[9]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

---

[9] See: Exhibit 15 at pp.1-3.

4

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413

(2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied - the state-court adjudication resulted in a decision that (1)
> "was contrary to ... clearly established Federal law, as determined by the Supreme
> Court of the United States," or (2) "involved an unreasonable application of ...
> clearly established Federal law, as determined by the Supreme Court of the
> United States." Under the "contrary to" clause, a federal habeas court may grant
> the writ if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim
> ... resulted in a decision that was *contrary to*, or involved *an unreasonable
> application* of, clearly established Federal law, as determined by the Supreme
> Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results
> from the application of "a rule that contradicts the governing law set forth" by the
> Supreme Court or is inconsistent with Supreme Court decision in a case involving
> "materially indistinguishable" facts ...  "A state court decision fails the
> 'unreasonable application' prong only 'if the court identifies the correct governing
> rule from the Supreme Court's cases but unreasonably applies it to the facts of the
> particular case or if the state court either unreasonably extends a legal principle
> from the Supreme court's precedent to a new context where it should not apply or
> unreasonably refuses to extend the principle to a new context where it should
> apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct.

1855 (2010).

While he seeks to raise ten difference issues here, it is readily apparent that with the

exception of his fourth and sixth issues, none of his claims have been raised in the state courts

either on direct appeal or on appeal from the denial of post-conviction relief.[10]  The  remainder of

his claims can no longer be raised in the courts of the Commonwealth as they are time barred.[11]

In <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

---

[10]  Hurley's fourth issue was raised as his second direct appeal issue, and his sixth issue was raised as his second
issue in his appeal from the denial of post-conviction relief.
[11]  42 Pa.C.S.A. §9545(b).

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted in seeking to exhaust the available state court remedies on these issues and for this reason these claims are barred from further consideration here.

The first issue we consider here, is petitioner's fourth issue alleging that the trial court erred in allowing hearsay testimony that was not harmless error. In the petition Hurley argues that the essence of the prosecution's case revolved around the victim's identity of his assailant as "D'Nice". The petitioner argues that Kirksey testified that he attended a preliminary hearing involving him and as a result should have been aware that his name was Hurley and not "D'Nice". As a result the petitioner argues that it was inadmissible hearsay to permit Officer Preininger to testify that after the victim had identified his assailant as "D'Nice" the police conducted an investigation to determine whose street name as "D'Nice" and learned it was petitioner's. Although defense counsel objected to this testimony on hearsay grounds the court overruled the objection and permitted the testimony to continue (TT. 10/3-5/06 at pp.72-73). Alleged evidentiary errors are not a basis for habeas relief unless they rise to a level of a due process violation. Jimenez v. Walker, 251 F.3d 408 (3d Cir.2001).

In the instant case, the evidence to which the petitioner objects was that of the Officer in conjunction with other police personnel had combed the records to determine who had a street name of "D'Nice". In admitting this testimony, the trial court concluded that it was based upon Officer Preininger's own investigation (TT.10/3-5/06 at p.73). However, assuming without deciding whether or not the admission of this testimony was erroneous, the fact remains that both the victim and a witness identified the petitioner as the assailant. As a matter of state evidentiary law, the matter is not subject to review here unless the ruling was arbitrary or disproportionate to the purpose of the rule and infringed on the interest of the petitioner. United States v. Scheffer, 523 U.S. 303 (1998). The evidence to which the petitioner objects was cumulative of previously admitted evidence, and if erroneously admitted such error was harmless. Thus, this contention does not provide a basis for relief.

The petitioner's remaining issue is that trial counsel was ineffective for failing to fully explore possible plea agreements with him. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient.  This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052.  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong.  See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

In support of his contention, the petitioner sets forth:

The day I was to pick a jury, [counsel] came to see me in the courthouse holding cell and asked me to take a plea for (15) fifteen to (30) thirty years and I said no. He kept asking me to take a plea because "when" not "if" when I'm found guilty I can receive a (20) twenty to (40) forty year sentence. I said no. He'd leave and come back and he asked me to take a (10) ten to (20) twenty year plea, then a (7 ½) seven and a half to (15) fifteen years. Then he asked me if he gets me a plea for a (2 ½ ) two and a half to (5) five years would I take it. I said no.

At the time I just thought [counsel] was unprepared and wanted to have me take a plea and get the case over and done with. I mean, he didn't explain anything to me… he already thought I was guilty.[12]

Thus, the petitioner appears to concede that he was advised by counsel that if (or rather according to Hurley "when") convicted he could receive a twenty to forty year sentence and was urged by counsel to consider alternatives in exchange for his plea. By his own admission, the

---

[12]  See: Petition at ¶12 ground 6-2.

petitioner rejected any such consideration, and even at the time of sentence maintained his innocence (TT. 12/12/06 at p. 7).

The petitioner concedes he rejected any possible plea deals, and now by hindsight and a sixteen to thirty-two year sentence, alleges that counsel was ineffective for not more aggressively pursuing a plea deal. Where, as here, counsel appeared to be seeking the petitioner's agreement to accept a deal if one could be negotiated and Hurley's adamantly refusal to consider the same, counsel's representation cannot be said to have fallen below any objective standard of reasonableness. For this reason, his final argument here is likewise meritless.

Thus, the petitioner has failed to demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved an unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, the petition is subject to dismissal, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER


AND NOW, this 31st day of July, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Daniel Richard Hurley (ECF No. 1) for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.


                                          s/ Robert C. Mitchell
                                          United States Magistrate Judge